IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Jason Talley, | ) | CIVIL ACTION NO. 2:13-0879-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America and American | ) | |
| Security Programs, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by the Plaintiff seeking damages against the Defendants arising out of an incident that occurred on November 9, 2010 on the grounds of the Charleston Naval Weapons Station. Plaintiff alleges that the Weapons Station falls under the jurisdiction of the Defendant United States of America, while the Defendant American Security Programs, Inc. (ASP) is alleged to be a corporation that was "working at the South Carolina Naval Weapons Station" at the time of the incident in question.

The Defendant ASP filed a motion to dismiss pursuant to 12(b)(6), Fed.R.Civ.P., on December 16, 2013. Plaintiff filed a memorandum in opposition to the Defendant's motion on January 7, 2014, following which this Defendant filed a reply memorandum on January 14, 2014.

1

This motion is now before the Court for disposition.[1]

## Plaintiff's Allegations

Plaintiff alleges in his Second Amended Complaint that at all times relevant to his claims he was an employee of Honeywell, and that the "Defendants" were aware that non-military personnel employed by Honeywell would have security clearance to enter the gates of the Naval Weapons Station. Plaintiff alleges that he had clearance to be on the base due to his employment with Honeywell, and that prior to November 9, 2010, he had entered the Naval Weapons Station without any difficulty. Second Amended Complaint, ¶ ¶ 7-9.

Plaintiff alleges that on about November 9, 2010 he entered the Naval Weapons Station through the security gates in order to get to his job, but that when he arrived officers from the Department of Defense informed him that they had footage of him driving through the gates without stopping for security. Plaintiff alleges that he as well as other employees of Honeywell informed the officers from the Department of Defense that he was not the one who had "breached the gates", but that after questioning by Officer Benjamin McSwaine and another officer, he was forced to go with the officers, who stated that his car was on the video. Id., ¶ ¶ 10-11, 13-16. Plaintiff alleges he was handcuffed and taken to the "Defendants" Chief of Security, Dave Burkeman, to be questioned about the incident. Plaintiff alleges that during this process the "Defendants" failed to follow policies and procedures and performed an unreasonable search and detainment of the Plaintiff. Id.., ¶ ¶ 17-18, 20.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant ASP has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



In his First Cause of Action, Plaintiff alleges a deprivation of his constitutional rights in violation of 42 U.S.C. § 1983.[2] Plaintiff alleges he suffered an invasion of privacy, loss of freedom, and deprivation of liberty due to the inadequate training and supervision by the Defendants of their officers, amounting to deliberate indifference to Plaintiff's Fourth Amendment rights.[3] Plaintiff further alleges that the Defendants' officers, acting in both their individual[4] and official capacities, directly and proximately caused a deprivation of his constitutional rights by "planning,

---

[2]While Plaintiff cites to § 1983 as the basis for this claim, claims under § 1983 are only applicable to state actors. Lugar v Edmonson Oil Co., 457 U.S. 922, 937 (1982). Constitutional claims against federal defendants, such as Plaintiff is alleging here, are pursued pursuant to what is known as the Bivens doctrine. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); Navarrete v. United States, 532 Fed. Appx. 121 n. 1 (3d Cir. Sept. 3, 2013)[Although Plaintiff sought relief under 42 U.S.C. § 1983, the Court construed his suit as a Bivens action, not § 1983, because it involved federal actors]. In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. While a Bivens claim is analogous to a claim under § 1983, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). With respect to the applicable standard of review, however, Harlow and progeny generally indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), abrogated on other grounds, Horton v. California, 496 U.S. 128 (1990). Therefore, Plaintiff's mistaken reference to § 1983 as being the basis for his constitutional claims is not grounds for dismissal of these claims.

[3]While Plaintiff also cites to the Fourteenth Amendment, that amendment makes the rights and guarantees of the Fourth Amendment applicable to the States. Again, the incident at issue here involves federal actors, not state actors. Cf. Panagos v. Towery, No. _____ 2011 WL 2020756 at * 6 (W.D.Wash. May 24, 2011) [Dismissing Defendants because Fourteenth Amendment applies to state actors and Defendants are not state actors](Citing San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 n. 21 (1987)).

[4]Although Plaintiff states in his Complaint that employees of the Defendants were acting in their "individual" capacities, Plaintiff has named no individual employee as a Defendant in this case.



ordering, orchestrating, and/or executing the arrest and detainment of Plaintiff in the negligent and grossly negligent manner in which they were conducted". Plaintiff also alleges that the Defendants' officers acted with malice and with reckless disregard to his constitutional rights, and that his First and Ninth Amendment rights to "associational and family freedom and privacy" were violated. See generally Second Amended Complaint, ¶ ¶ 24-34.

In his Second Cause of Action, Plaintiff asserts a constitutional claim for false arrest and confinement in violation of the Fourth Amendment,[5] which was perpetrated by the Defendants' "officers", and that the Defendants failed to take remedial action in response to Plaintiff's complaints and were responsible for their conduct through the Defendants' inadequate training and supervision of their employees. Plaintiff further alleges that the officers failed to properly carry out the adopted policies and procedures of the Defendants, during which they were again acting in both their individual and official capacities, and that their conduct was reckless, callous, and performed with malice. Plaintiff also again alleges that this conduct violated his First and Ninth Amendment rights to associational and family freedom and privacy. Id., ¶ ¶ 37-47.

In his Third Cause of Action, Plaintiff asserts a claim for negligence and gross negligence against the Defendants for allowing the security officers to unlawfully detain and injure him, by failing to properly train and supervise the security officers, and by failing to fulfill the duty

---

[5]While Plaintiff's Second Cause of Action asserts a claim for false arrest and confinement as a constitutional claim, Plaintiff does also cite to South Carolina Code of Laws § 16-5-60 as being a basis for this claim. However, Section 16-5-60 of the S.C. Code discusses the liability of a county for damages to person or property resulting from the violation of a person's civil rights. There is no county Defendant in this action.



4

of care owed to the Plaintiff.[6] Id., ¶ 50.

In his Fourth Cause of Action, Plaintiff asserts a claim for negligent and intentional infliction of emotional distress or "outrage", while in his Fifth Cause of Action he asserts a claim for wrongful detainment/detention.[7] ¶ ¶ 53-57, 60-61.

In his Sixth and final Cause of Action, Plaintiff asserts a claim for excessive use of force, alleging that he was "forcibly taken into custody and handcuffed". Plaintiff further alleges that this "negligent, grossly negligent, reckless, willful and wanton wrongful detainment and excessive force by the Defendants was entirely unjustified by any actions of the Plaintiff and constituted an unreasonable and excessive use of force". Id., ¶ ¶ 64-69.[8]

## Discussion

Defendant ASP asserts in its motion that it is entitled to dismissal as a party Defendant in this case because Plaintiff has failed to set forth sufficient factual allegations to state a claim against this Defendant. When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual

---

[6]While Plaintiff does not set forth the jurisdictional basis for this claim in his Third Cause of Action, earlier in his Second Amended Complaint he alleges that his tort claims are being brought pursuant to the Federal Tort Claims Act (FTCA) 28 U. S. C. § 1346; 28 U.S.C. §2675, et seq. See Second Amended Complaint, ¶¶ 4, 40. But see Minneci v. Pollard, 132 S.Ct. 617, 623 (2012)[noting that claim against private contractor employed by federal government may need to proceed under state tort law].

[7]Both Plaintiff's Fourth and Fifth Causes of Action also appear to be tort claims.

[8]Plaintiff's Sixth Cause of Action does not appear to be a constitutional claim for excessive use of force; rather, it is asserted as a tort claim. However, while Plaintiff had earlier identified the FTCA as being the basis for his tort claims, in his Sixth Cause of Action Plaintiff alleges that the Defendants' conduct violated his rights under the South Carolina Code of Laws and the South Carolina State Constitution. Second Amended Complaint, ¶ 66.



5

inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth

sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Initially, Defendant ASP sets forth several arguments for why it is entitled to

dismissal as a party Defendant from Plaintiff's First and Second Causes of Action, which are

asserted as constitutional claims. This Defendant asserts that as a private contractor, and not a

governmental entity, it is not subject to suit in a Bivens action.[9] Additionally, ASP asserts that

Plaintiff has simply failed to set forth any allegations showing that this Defendant was involved in

the conduct at issue so as to give rise to liability on the part of ASP (an argument that applies to

Plaintiff's remaining four (4) causes of action as well), as the Complaint "does not contain any

factual allegations against [ASP], and Plaintiff acknowledges in the Complaint that [ASP] played

no part in his actual arrest or detention". Defendant's Memorandum, p. 6, citing to Second Amended

Complaint, ¶¶ 13-18. The undersigned is constrained to agree.

Even if this Defendant could otherwise be liable for a constitutional claim, which is

doubtful; cf. Minneci, 132 S.Ct. 617 [Declining to extend Eighth Amendment Claim to private

contractor hired to administer public prison]; Walden v. Centers for Disease Control and Prevention,

669 F.3d 1277, 1291-1292 (11th Cir. 2012)[No Bivens claim against private corporate employee];

Correctional Servs. Corp. v. Malasko, 534 U.S. 61, 65-72 (2001)[No Bivens claim against private

entities]; but see Espinoza v. Zenk, No. 10-427, 2013 WL 1232208 at * * 7-8 (E.D.N.Y. Mar. 27,

---

[9]Following Plaintiff's lead, Defendant discusses Plaintiff's constitutional claims in its brief
using § 1983 as the source of these claims. However, as previously noted in n. 2, supra, Plaintiff's
constitutional claims are more properly characterized as falling under the Bivens doctrine.

6

2013)[Bivens actions can be brought against employees of private federal contractors under some circumstances]; Plaintiff has set forth no factual allegations in his Complaint to state a plausible claim for relief against this Defendant. Iqbal, 129 S.Ct. at 1949. While ASP is named as a Defendant in the caption of this action, and is alleged in the body of the Complaint to be a foreign corporation operating in South Carolina and "working at the South Carolina Naval Weapons Station"; Second Amended Complaint, ¶ 3; there are no factual allegations in Plaintiff's Second Amended Complaint which describe how this corporation engaged in any conduct resulting in harm to the Plaintiff.

The undersigned has assumed that ASP provides security services at the Naval Weapons Station pursuant to a contract with the Federal Government, although that is only an assumption because that fact (assuming that is a fact) is never actually stated anywhere in the Complaint. However, Plaintiff alleges that when he was reporting to work on the grounds of the Naval Weapons Station on or about November 9, 2010, he was stopped by officers of the "Department of Defense", who took him into custody. Id., ¶¶ 9-18. ASP is not mentioned anywhere in these allegations, nor is there any allegation that any individual officer involved in Plaintiff's detention was an employee of ASP. In fact, Plaintiff alleges the exact opposition; i.e., that he was taken into custody by Defense Department employees.[10] Hence, even accepting the allegations in

---

[10]Defendant asserts as part of the arguments in its brief that the only role employees of ASP may have played in the incident of November 9, 2010 is the reporting of a security breach to the Department of Defense, which (Defendant contends) is not actionable, citing to Brooks v. City of Columbia, No. 4:12-2147, 2012 WL 5879434 at * 3 (D.S.C. Oct. 30, 2012), accepted by, 2012 WL 5878115, *6 (D.S.C. Nov. 21, 2012) [dismissing § 1983 claims against private citizens who reported crimes to law enforcement and cooperated with the subsequent investigation]. Defendant's Brief, p. 6. Plaintiff's Second Amended Complaint does not address this issue.



the pleading as true, and drawing all reasonable factual inferences in favor of the Plaintiff, these allegations fail to set forth sufficient factual matters to state a plausible claim for relief against the Defendant American Security Programs, Inc. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].

In his response brief, Plaintiff argues that the Defendant ASP was contracted by the Defendant United States to assist in security at the Naval Weapons Station, and that his allegations that the "Defendants" wrongfully detained him are sufficient to survive a motion to dismiss. However, such general and conclusory allegations are not sufficient to state a claim against the Defendant ASP under the applicable law and standards. See Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"]. Therefore, at least in its current form, the pleadings fail to set forth a plausible claim against this Defendant, entitling ASP to dismissal as a party Defendant in this case. Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

Finally, Plaintiff argues that if his allegations have been "misconstrued", he should

8

be allowed leave to amend his Complaint to clarify his allegations to include that employees of ASP were involved in his arrest and detention. Ordinarily, allowing for an amendment for this purpose would be proper. See Jones v. South Carolina Dep't of Corrections, No. 07-1876, 2009 WL 890646 at * 2 (D.S.C. Mar. 30, 2009)[Allowing Plaintiff the opportunity to file an amended complaint prior to dismissing case]; see also Griffith v. Griffith, 506 S.E.2d 526, 529 (S.C.Ct.App. 1998) [Leave to amend "shall be freely given when justice so require and [it] does not prejudice any other party]. However, in this particular case, Plaintiff has already amended his Complaint twice, this case has been pending for almost a year, and (as correctly noted by the Defendant) Plaintiff failed to provide a proposed amended complaint with his response, nor has he filed a motion to amend his Complaint. Defendant therefore has no idea what Plaintiff's new allegations would include, and is not in a position to respond to such an argument.[11] Additionally, if an amended complaint does not cure the defects present in Plaintiff's current pleading, Defendant would be placed in the position of having to file another motion to dismiss, further delaying the prosecution of this case.

### Conclusion

Based on the current posture of this case, Plaintiff should submit a proposed Third Amended Complaint to the Court for review as part of any objections filed to this Report and Recommendation. Both Defendants should then be granted ten (10) days to respond to this proposed Amended Complaint.[12] If the proposed Third Amended Complaint is accepted for filing by the

---

[11]There is also a second Defendant, the United States, which may object to allowing a Third Amendment of the Complaint at this late date. This Defendant would be entitled to notice and a right to be heard on this issue.

[12]The Defendant United States will receive notice of this instruction through the ECF filing
(continued...)

Court, Defendant's motion to Dismiss should be **denied**, without prejudice.

If Plaintiff fails to submit a Third Amended Complaint as set forth herein, or if that Complaint (if submitted) is not accepted for filing by the Court, then the Defendant ASP's motion should be **granted**, and this Defendant should be dismissed as a party Defendant from this case for the reasons stated.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 31, 2014
Charleston, South Carolina

---

[12](...continued)
of this Report and Recommendation.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



11