IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Jason Talley, | ) CIVIL ACTION NO. 2:13-0879-DCN-BM |
|         Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| The United States of America, | ) |
|         Defendant. | ) |

This action has been filed by the Plaintiff seeking damages against the Defendant arising out of an incident that occurred on November 9, 2010 on the grounds of the Charleston Naval Weapons Station. In his First Cause of Action, Plaintiff alleges a deprivation of his constitutional rights in violation of 42 U.S.C. §1983, while in his Second Cause of Action Plaintiff asserts a constitutional claim for false arrest and confinement in violation of the Fourth Amendment. Plaintiff's Third, Fourth, Fifth and Sixth Causes of Action are all tort claims.

The Defendant has filed a motion for partial dismissal pursuant to Rule 12(b)(1), Fed.R.Civ.P., asserting that it is not subject to liability under 42 U.S.C. §1983, and cannot otherwise be subject to damages for a violation of a constitutional right as it has sovereign immunity from suit for such claims. In a memorandum filed in response to the Defendant's motion, Plaintiff "concedes that the Defendant USA [is] provided Eleventh Amendment immunity regarding the deprivation of



Constitutional Rights pursuant to 42 U.S.C. §1983". Plaintiff's Brief, p. 1. However, Plaintiff nevertheless opposes Defendant's motion to dismiss its First and Second Causes of Action, asserting that "the Constitutional Violation by Defendant USA's Officers/Employees is proper jurisdictional grounds and clearly stated throughout the Plaintiff's Complaint". Id., p. 4. In the alternative, Plaintiff asks leave to amend his Complaint. Id., p. 6.

In a reply brief, the Defendant asks this Court to enter judgment in favor of the United States and dismiss Plaintiff's First and Second Causes of Action in light of Plaintiff's concession that the Defendant is entitled to Eleventh Amendment immunity from these claims. Defendant also opposes Plaintiff's request to be allowed to file yet another Amended Complaint in this case.[1]

**Discussion**

After careful review and consideration of the arguments of counsel, the undersigned finds and concludes that dismissal of Plaintiff's First and Second Causes of Action is appropriate in this case. In a Report and Recommendation entered January 31, 2014, Plaintiff was specifically advised that claims under 42 U.S.C. §1983 are only applicable to state actors; Lugar v Edmonson Oil Co., 457 U.S. 922, 937 (1982); and that constitutional claims against a federal defendant, such as Plaintiff is alleging here, are pursued pursuant to what is known as the Bivens doctrine. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2]

---

[1]The operative complaint in the case at this time is Plaintiff's Second Amended Complaint. Plaintiff had also filed a proposed Third Amended Complaint in response to a Report and Recommendation issued by the undersigned on January 31, 2014, but that complaint was stricken from the record by Order of the Court filed March 21, 2014.

[2]In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for a violation of federal constitutional rights. While a
(continued...)

2



Therefore, Plaintiff's claims asserted under § 1983 are clearly subject to dismissal.

Further, even if Plaintiff's First and Second Causes of Action are construed as being asserted under <u>Bivens</u>; see <u>Navarrete v. United States</u>, 532 Fed. Appx. 121 n. 1 (3d Cir. Sept. 3, 2013)[Although Plaintiff sought relief under 42 U.S.C. § 1983, the Court construed his suit as a <u>Bivens</u> action, not § 1983, because it involved federal actors]; the Defendant correctly notes that it is not subject to liability for such a claim (which Plaintiff concedes). See <u>Wolf v. United States</u>, 127 Fed.Apx. 499 at * 1 (Fed.Cir. Mar. 4,2005) [<u>Bivens</u> action cannot be maintained against United States.]. While *individual* federal employees may be liable in a <u>Bivens</u> lawsuit for violation of someone's constitutional rights, Plaintiff has not named any individuals as party Defendants in this case, a fact also pointed out to the Plaintiff in the Report and Recommendation of January 31, 2014. <u>See</u> Court Docket No. 33, p. 3, n. 4.[3]

Finally, while allowing for an amendment to correct pleading deficiencies would

---

[2](...continued)
<u>Bivens</u> claim is analogous to a claim under § 1983, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-820 (1982). With respect to the applicable standard of review, however, <u>Harlow</u> and progeny generally indicate that case law involving § 1983 claims is applicable in <u>Bivens</u> actions and *vice versa*. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). See also <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985); <u>Turner v. Dammon</u>, 848 F.2d 440, 443-444 (4th Cir. 1988); <u>Osabutey v. Welch</u>, 857 F.2d 220, 221-223 (4th Cir. 1988); and <u>Tarantino v. Baker</u>, 825 F.2d 772, 773-775 (4th Cir. 1987), <u>abrogated on other grounds</u>, <u>Horton v. California</u>, 496 U.S. 128 (1990).

[3] Although Plaintiff did submit a proposed Third Amended Complaint in response to the cited Report and Recommendation, as previously noted, that proposed amendment was rejected by the Court. In any event, even if Plaintiff's proposed Third Amended Complaint had been accepted by the Court, the undersigned is constrained to note that that proposed complaint (submitted in response to the Report and Recommendation pointing out some of the flaws in Plaintiff's Second Amended Complaint) still did not name any individual federal employees as party Defendants. Therefore, Plaintiff's First and Second Causes of Action would be subject to dismissal even if the Third Amended Complaint was the complaint before the Court.

3



ordinarily be proper; see Jones v. South Carolina Dep't of Corrections, No. 07-1876, 2009 WL 890646 at * 2 (D.S.C. Mar. 30, 2009)[Allowing Plaintiff the opportunity to file an amended complaint prior to dismissing claims]; see also Griffith v. Griffith, 506 S.E.2d 526, 529 (S.C.Ct.App. 1998) [Leave to amend "shall be freely given when justice so require and [it] does not prejudice any other party]; since the Plaintiff has already amended his Complaint twice (and attempted to do so a third time) without correcting the deficiency cited herein, and in light of the fact that this case has now been pending for a year and a half and the discovery deadline has already expired (see Court Docket No. 48), the undersigned does not find that allowing Plaintiff an opportunity to amend his Complaint yet again at this late date to add new Defendants (which would necessarily require new and additional discovery in this case) is appropriate.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for partial dismissal be **granted**, and that Plaintiff's First and Second Causes of Action asserting constitutional claims be **dismissed,** with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 17, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

